IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHAWN BALL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KYLE MCCALL,<br><br>　　　　Defendant. | Cause No. CV 23-02-BLG-SPW<br><br>**ORDER** |

　　　　Plaintiff Shawn Ball filed a handwritten document purporting to be a "tort claim." (Doc. 2.) The Court noted that although Mr. Ball referred to an Eighth Amendment violation, the claims were difficult to follow. (*See* Doc. 4 at 1.) Mr. Ball was directed that if he wished to proceed he would need to file an amended complaint using the Court's standard form. *Id.* at 1-2. Mr. Ball was also advised that he would need to provide an account statement before this Court could rule on his motion to proceed in forma pauperis ("IFP"). *Id.* at 2-3. Mr. Ball was given 30 days within which to file his amended complaint form and inmate account statement. *Id.* at 3-4.

　　　　To date, Mr. Ball has not complied with the order; he has filed neither an amended complaint nor an account statement. Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a motion. *See Link v.*

1

*Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, a court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Ball has failed to comply with this Court's order directing him to amend his complaint and file an account statement. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Ball refuses to comply with

2

the Court's orders and deadlines. Mr. Ball's case has consumed judicial resources and time that could have been better spent on other matters. This factor also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the respondent. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Ins. Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, a court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Ball was afforded an adequate amount of time in which to prepare and file his amended complaint. He was also advised of all of the legal standards and showings he was required to make and provided a form on which to submit his amended document. Despite guidance from the Court, Mr. Ball has failed to comply. Similarly, he has not provided a copy of his inmate account statement. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F. 3d 393, 399 (9th Cir. 1998). The weight of this factor proves slight in light of the other four factors favoring dismissal. Given Mr. Ball's failure to respond to this Court's order, no further resources will be expended. This matter will be dismissed based upon Mr. Ball's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Accordingly, the Court enters the following:

## ORDER

1. Mr. Ball's IFP motion (Doc. 1) is DENIED.

2. This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 16th day of February, 2023.

Susan P. Watters
United States District Court Judge